LSK&D #: 564-6005 / 742063

**JUDGE KOELTL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

BRENDA OWENS JOHNSON,

No. _____

**06 CV 0263**

Plaintiff,

-against-

**NOTICE OF REMOVAL
(from New York
Supreme Court, County
of New York, Index No.
600008/06)**

METROPOLITAN LIFE INSURANCE
COMPANY, CONSTELLATION ENERGY, and
LILLIAN JOHNSON,

Defendants.

------------------------------------------------------------x

**RECEIVED
JAN 1 2 2006
U.S.D.C. S.D. N.Y.
CASHIERS**

Defendants Metropolitan Life Insurance Company ("MetLife") and Constellation

Energy Group, Inc. ("Constellation") (sued incorrectly as "Constellation Energy"), by

their attorneys Lester Schwab Katz & Dwyer, LLP, hereby file this Notice of Removal in

the above-captioned action to the United States District Court for the Southern District

of New York from the Supreme Court of the State of New York, County of New York, as

provided under Title 28, United States Code, Ch. 89, and as its basis therefore states:

    1.    This action was commenced on or about January 5, 2006 in the Supreme

Court of the State of New York, County of New York, under Index no. 600008/06. (Copy

of the Order to Show Cause and supporting papers, including a Summons and Verified

Complaint, initiating this action is annexed hereto as Exhibit "1".)    No further

proceedings have been had herein.

    2.    This action is being removed to United States District Court because it

seeks recovery of certain group life insurance benefits under the Constellation Energy

Group, Inc. Employee Benefit Plan, an employee welfare benefit plan within the

meaning of and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

      3.     ERISA preempts the state law claims alleged in the Order to Show Cause and the Verified Complaint and provides the exclusive remedies for recovery of benefits claimed under employee benefit plans. See ERISA Sections 502(a)(1)(B), 514, 29 U.S.C. §§ 1132(a)(1)(B), 1144.

      4.     This Court has original "federal question" jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). As a civil action founded on a right or claim arising under the laws of the United States, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b). See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

      5.     Defendant Lillian Johnson has consented to the removal of this action. (A copy of her written consent is annexed hereto as Exhibit "2".)

      6.     This Notice is being filed within the time period specified by law. See 28 U.S.C. § 1446(b).

      7.     A copy of the Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, as required by law. 28 U.S.C. § 1446(d).

      8.     Written notice of the filing of this Notice of Removal will be given to plaintiff as required by law. See 28 U.S.C. § 1446(d).

**WHEREFORE**, MetLife and Constellation hereby remove this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:      New York, New York
            January 12, 2006

Respectfully submitted,

LESTER SCHWAB KATZ & DWYER, LLP

Allan M. Marcus (AM-9027)
Attorneys for Defendants
Metropolitan Life Insurance Company and
Constellation Energy Group, Inc.
120 Broadway
New York, New York  10271
(212)  964-6611

TO:

Charles G. Fiore, Esq.
Lewis & Fiore
225 Broadway, Suite 3300
New York, New York 10007
Attorneys for Plaintiff

Ms. Lillian Johnson
5606 Knell Avenue
Baltimore, Maryland 21206
Defendant Pro Se

# EXHIBIT 1

                                        At  an  IAS  Part  _7_  of  the
                                        Supreme  Court  of  the  State  of  New
                                        York,  County  of  New  York,  60
                                        Center  Street,  New  York  New  York

----------------------------------x

BRENDA OWENS JOHNSON,                       Index No. 600008/06

                Plaintiff,

        -against-                           ORDER TO SHOW CAUSE

METROPOLITAN LIFE INSURANCE COMPANY,
CONSTELLATION ENERGY and                    **RECEIVED**
LILLIAN JOHNSON,
                                            JAN 09 2006
                Defendants.
                                            **Law Department**
----------------------------------x

        Upon  reading  and  filing  the  annexed  affirmation  of

Charles  G.  Fiore  affirmed  the  5th  day  of  January  2006  and  upon

all  the  prior  pleadings  and  proceedings  in  this  action;   *Room 949*

        LET  the  defendants  show  cause  before  this  Court  at  ~~60~~ 111

Centre  Street,  New  York,  New  York  on  the  __19__  day  of  January

2006  at  9:30  o'clock  in  the  forenoon  of  that  day,  or  as  soon

thereafter  as  counsel  can  be  heard,  why  an  Order  should  not  be

made  granting  Plaintiff's  motion  for  a  preliminary  injunction

staying  payment  of  any  claim  on  the  life  insurance  policy  of

Arthur  L.  Johnson  pending  the  determination  of  this  matter,  and

directing  Metropolitan  Life  Insurance  Company  to  stop  payment  on

any  checks  issued  on  said  policy;

ORDERED that defendant Metropolitan Life Insurance Company shall not make any payment to anyone on the life insurance policy covering the life and shall issue a stop payment on any check issued in payment of said policy of Arthur L. Johnson until the hearing on this motion.

ORDERED, that service of a copy of this Order and of the supporting papers upon Metropolitan Life Insurance Company, Constellation Energy and Lillian Johnson by overnight delivery on or before the _9_ day of January 2006, shall be deemed sufficient and timely; and it is further

_____
J.S.C.

HON FAVIOLA SOTO

ORAL ARGUMENT DIRECTED

JSC

HON FAVIOLA SOTO

At an IAS Part __7__ of the
Supreme Court of the State of New
York, County of New York, 60
Center Street, New York New York

------------------------------------x

BRENDA OWENS JOHNSON,                    Index No. 600008/06

          Plaintiff,

     -against-                         ORDER TO SHOW CAUSE

METROPOLITAN LIFE INSURANCE COMPANY,
CONSTELLATION ENERGY and
LILLIAN JOHNSON,                 MOTION SEQUENCE #00\

         Defendants.

------------------------------------x

     Upon reading and filing the annexed affirmation of

Charles G. Fiore affirmed the 5th day of January 2006 and upon

all the prior pleadings and proceedings in this action;

     LET the defendants show cause before this Court at 111
Room 949
Centre Street, New York, New York on the __19__ day of January

2006 at 9:30 o'clock in the forenoon of that day, or as soon

thereafter as counsel can be heard, why an Order should not be

made granting Plaintiff's motion for a preliminary injunction

staying payment of any claim on the life insurance policy of

Arthur L. Johnson pending the determination of this matter, and

directing Metropolitan Life Insurance Company to stop payment on

any checks issued on said policy;

COPY OF COURT
ORDER

ORDERED that defendant Metropolitan Life Insurance Company shall not make any payment to anyone on the life insurance policy covering the life and shall issue a stop payment on any check issued in payment of said policy of Arthur L. Johnson until the hearing on this motion.

ORDERED, that service of a copy of this Order and of the supporting papers upon Metropolitan Life Insurance Company, Constellation Energy and Lillian Johnson by overnight delivery on or before the 9 day of January 2006, shall be deemed sufficient and timely; and it is further



J.S.C.

HON. FAVIOLA SOTO

ORAL ARGUMENT
DIRECTED

J.S.C.

HON. FAVIOLA SOTO

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------x

BRENDA OWENS JOHNSON,                    Index No. 600008/06

                 Plaintiff,

       -against-                      AFFIRMATION OF
                                         CHARLES G. FIORE
METROPOLITAN LIFE INSURANCE COMPANY,
CONSTELLATION ENERGY and
LILLIAN JOHNSON,

               Defendants.

----------------------------------x

       Charles G. Fiore, an attorney duly admitted to practice law before the Courts of the State of New York does herby affirm the following to be true under the penalties of perjury:

       1. I am a member of the firm of Lewis & Fiore, attorneys for the plaintiff herein, and make this affirmation in support of our motion for a preliminary injunction seeking to stop payment on the life insurance policy in question and seeking a temporary restraining order compelling defendant Metropolitan Life Insurance Company, (hereinafter "Met Life"), to not make any payment on the policy and requiring that they stop payment on any checks issued within the past 48 hours.

       2. Our client has been in discussions with Met Life about the life insurance policy on the life of her late husband

which Met Life claims still lists his ex-wife as beneficiary.   I was advised late yesterday afternoon by Andrea Espinosa that Met Life would not allow us to seek court intervention before making payment on the policy and that payment would be made "today or tomorrow."   When I asked to speak to her supervisor Ms. Espinosa said that she could not give me the names of any of her superiors without checking with them.   She called me back a little while later and told me that she could not give me the name of the person or persons who directed that payment be made immediately.   I told her that we would make an immediate application for a court stay and I needed to know who should be contacted on behalf of Met Life if the court needed to reach someone.   She told me that she could not answer that question. I asked her if I should inform the court that she refused to supply the name of her supervisor and she said that I should so inform the court.

3.   The reaction of Metropolitan Life to this request came as a complete surprise to me because up to this point, they had been moving very slowly on this matter.   I believe that they feel that if they make payment they will insulate themselves from liability and have decided to move forward swiftly after representing to us in prior conversations, that they would give us time to seek court intervention on this matter.

4.   Annexed hereto as Exhibit A are copies of the correspondence between Met Life and my client and myself showing that Met Life took more that the 60 days they claim they were required to under ERISA to make a determination of our client's appeal.   The appeal was submitted on October 24th but the decision on the appeal was not mailed out until December 28, 2005 as is shown by the post mark on their envelope, meaning the determination was not issued until 64 days after the appeal was submitted to them.

5.   Because of the extreme time pressure and the fact that my client lives in Maryland, the only way I could make this submission today was to supply my affirmation and a fax copy of the affidavit of my client which was signed and sworn to today in Maryland.   A copy of that affidavit is annexed hereto as Exhibit B.

6.   A copy of the summons and complaint previously filed herein is annexed hereto as Exhibit C.

7.   As is set forth in the attached affidavit of the plaintiff she was clearly the intended beneficiary of the policy of insurance on her husband's life, rather than his ex-wife. The change in beneficiary was submitted to the employer, as required by Met Life, and the employer failed to properly process the request.   As show in the affidavit this is apparently a well known problem with the employer's office

3

procedures. It is also obvious from the divorce decree between Mr. Johnson and his ex-wife, (submitted herewith as Exhibit D), that as is usually the case in a bitter divorce proceeding, his intention was to make the minimal required payments to his ex-wife.

8. Plaintiff is entitled to her day in court to prove that the change in beneficiary was submitted to the employer and that the divorce decree between her husband and his ex-wife constitutes a waiver of her interest in any life insurance proceeds in excess of the amount required to be paid to her. If the money is allowed to leave the state, our client will have no way to collect on any judgment from Lillian Johnson. Met Life and Constellation Energy should have nothing to lose if an injunction is issued stopping payment. Theoretically, they are stakeholders who should be willing to follow the instructions of the court although the actions of Met Life as described above are not consistent with this position. This may well be because they are worried about their record keeping and the liability which may result to them if it is shown that they did not keep proper records.

9. There has been no previous application to any court of competent jurisdiction seeking the relief requested herein.

4

10.  Plaintiff is moving by Order to Show Cause herein because defendant Met Life has threatened to make payment today and a temporary restraining order is sought herein.

AFFIRMED: New York, New York
          January 5, 2006


                                    _____
                                    CHARLES G. FIORE

5